IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUCIOUS OLIVER,<br><br>    Plaintiff,<br><br>vs.<br><br>WARDEN EVANS, et al.,<br><br>    Defendants. | No. C 11-04052 YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND TO STAY; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND ADMINISTRATIVELY CLOSING THIS ACTION UNTIL THE STAY IS LIFTED** |

Plaintiff, a state prisoner, filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials for unconstitutional acts. The following background is taken from the Court's February 1, 2012 Order of Service:

> In his complaint, [Plaintiff] alleges that he has been falsely labeled a violent sex offender, a child molester, and a rapist. He alleges that warden Evans and deputy warden Neotti have violated his right to due process by classifying him as a serious and violent sex offender. Prison officials allegedly have falsified records that [Plaintiff] has a conviction for a violation of California Penal Code § 220 (assault with intent to commit mayhem, rape, sodomy, oral copulation, or other specified offense in the course of first degree burglary), and put that false information into his C-file.[1]
>
> [Plaintiff] further alleges that, in response to an inmate grievance he filed against her and in response to his choice not to socialize with homosexual prisoners, lieutenant Core retaliated against him by giving this false information -- apparently referring to the sex offender information -- "to her prison yard 'snitch' to release to the prison inmate population, which he did." Docket # 1 (Complaint), p. 4. As a result of being labeled a rapist and child molester, [Plaintiff] had conflicts and altercations with other inmates.
>
> [Plaintiff] further alleges that he alerted CCI Navarro and CCII Ramos to the falsehood in his records, but they refused to correct it.
>
> [Plaintiff] further alleges that correctional officer Meisner identified him as a "cho-mo,[2]" to incite other inmates against him, which it did. Docket # 1, p. 6.

---

[1] "C-file" refers to Plaintiff's central file.

[2] "Cho-mo" is prison slang for child molester.

1  (Feb. 1, 2012 Order at 1-2 (footnotes added).)  Specifically, Plaintiff claimed that (1) Defendants
2  Evans, Neotti, Ramos and Navarro violated his due process rights by designating him as a sex
3  offender even though he maintains that he has never been charged or convicted of a sex offense; and
4  (2) Defendants Core and Meisner[3] acted with deliberate indifference to Plaintiff's safety in violation
5  of the Eighth Amendment and retaliated against him in violation of his First Amendment rights.  The
6  Court found that Plaintiff's complaint stated cognizable due process, Eighth Amendment and First
7  Amendment claims, and it issued its Order of Service.

8  Before the Court is Defendants' motion to stay this action pending resolution of Plaintiff's
9  state habeas action relating to his due process claim.  (Docket No. 57.)  Separately, Defendants also
10  move to dismiss Plaintiff's deliberate indifference and retaliation claims on grounds that these claims
11  are unrelated to his due process claim and thus they do not comply with Federal Rules of Civil
12  Procedure 18 and 20 concerning joinder of claims and defendants.  (Docket No. 57.)  Plaintiff filed
13  an opposition to Defendants' motions, and Defendants filed a reply.

14  Also before the Court is Plaintiff's motion for appointment of counsel.

15  For the reasons discussed below, the Court GRANTS Defendants' motion to stay as to
16  Plaintiff's due process claim and GRANTS Defendants' motion to dismiss as to his deliberate
17  indifference and retaliation claims.  The Court also DENIES Plaintiff's motion for appointment of
18  counsel.

### DISCUSSION

**I.     Defendants' Motion to Dismiss Based on Improper Joinder**

Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Defendants argue that Plaintiff's deliberate indifference and retaliation claims against Defendants Core and Meisner do not satisfy Rule 20(a)(2).

---

[3] To date, Defendant Meisner has not yet been served in this action.

2

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, as mentioned above, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way -- that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*

Here, Defendants move to dismiss Plaintiff's deliberate indifference and retaliation claims against Defendants Core and Meisner on the grounds that they are unrelated to Plaintiff's due process claim against different SVSP prison officials -- Defendants Evans, Neotti, Ramos and Navarro. The Court finds that as alleged there is only a tenuous connection between the two sets of claims -- they both deal with Plaintiff being wrongfully labeled as a sex offender. However, based upon the complaint, the Court finds that facts giving rise to the two sets of claims are not factually related.

As mentioned above, the due process claim stems from Plaintiff's allegation that Defendants Evans, Neotti, Ramos and Navarro's actions caused him to be designated as a sex offender on his C-file even though he maintains that he has never been charged or convicted of a sex offense. According to the complaint, Plaintiff discovered this incorrect designation on August 21, 2007, when he was informed of the "obligation to register as such an offender before and after he is . . . released from prison." (Compl. at 3-4.)

Meanwhile, Plaintiff's deliberate indifference and retaliation claims stem from Defendants Core and Meisner's actions on an unspecified date of identifying Plaintiff as a sex offender to incite

3

1 other inmates. The Court assumes that these events dealing with the deliberate indifference and
2 retaliation claims happened some unspecified time *after* the sex offender designation appeared on
3 Plaintiff's C-file. Unlike the other Defendants, Plaintiff does not specifically allege in his complaint
4 that Defendants Core or Meisner made use of the incorrect designation on his C-file to label him a
5 sex offender. However, as mentioned above, this is a plausible explanation for how these
6 Defendants could have discovered such information. Such an unpled tenuous connection is not
7 enough to conclude that the two sets of claims are factually related. Further, distinctly different
8 elements exist for a due process claim as opposed to those that comprise deliberate indifference and
9 retaliation claims. Thus, the evidence necessary to prove the elements of the due process claim will
10 be different from those necessary to prove the deliberate indifference and retaliation claims. Finally,
11 as noted, the time lapse is of concern because Plaintiff did not specify when the events leading to the
12 deliberate indifference and retaliation claims took place, i.e., how long after the incorrect
13 designation in 2007 did Defendants Core and Meisner label him as a sex offender.

14 Based on the foregoing, the Court GRANTS Defendants' motion to dismiss Plaintiff's
15 deliberate indifference and retaliation claims on the grounds that they are unrelated to his due
16 process claim. *See* Fed. R. Civ. P. 18 & 20. Dismissal of the entire action is not necessary,
17 however, as the improper joinder problem can be solved by merely dismissing the improperly joined
18 parties. *See* Fed. R. Civ. P. 21. Thus, the Court will only allow Plaintiff to proceed on his due
19 process claim against Defendants Evans, Neotti, Ramos and Navarro. However, the Court will
20 dismiss Plaintiff's deliberate indifference and retaliation claims against Defendants Core and
21 Meisner as improperly joined.[4] The dismissal will be without prejudice to Plaintiff asserting these

---

[4] As mentioned above, Defendant Meisner has not been served in this action; however, the claims against him are subject to dismissal. Specifically, the allegations against Defendant Meisner are the same as those against Defendant Core, and there is no suggestion in the complaint, or in the briefs and exhibits filed in connection with the instant motion to dismiss, that the analysis of the claims against Defendant Meisner differs from the analysis of the claims against the Defendant Core. *Cf. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir.1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant). As the Court has found Plaintiff's deliberate indifference and retaliation claims against Defendant Core are improperly joined, these same claims against Defendant Meisner will also be dismissed as improperly joined.

4

claims in a new action for which he pays a separate filing fee, as directed below.

**II.     Defendants' Motion to Stay**

As mentioned above, in his complaint, Plaintiff alleged that Defendants Evans, Neotti, Ramos and Navarro violated his due process rights by designating him as a sex offender even though he maintains that he has never been charged or convicted of a sex offense.

Defendants Evans, Neotti, Ramos and Navarro have filed a motion to stay this action pending resolution of Plaintiff's state habeas action, contending that the action involves the same facts and legal theories as the instant action.[5]  (Defs.' Mots. to Dismiss and to Stay at 1.)

On September 18, 2012, Plaintiff filed a state habeas petition in the Santa Clara County Superior Court, alleging a violation of due process under the Fourteenth Amendment.  (Defs.' Req. Jud. Notice, Ex. A at 8, 10.)  He seeks habeas corpus relief in state court because he has never "committed" nor "been convicted" of the crimes of "rape or child molestation."  (*See id.*)

On October 29, 2012, the state court ordered the warden of Avenal State Prison to file a return to the petition. (Defs.' Req. Jud. Notice, Ex. B.)

On December 3, 2012, Attorney Amber Wipfler from the California Attorney General's Office filed a return on the warden's behalf, in which she conceded that Plaintiff's "rap sheet erroneously stated that he had also been convicted of  the charge of assault with intent to rape" under California Penal Code § 220, in addition to his other three charges of robbery and one charge of false imprisonment in Santa Clara County in 1985.  (Defs.' Req. Jud. Notice, Ex. C ¶¶ 6-9.) Attorney Wipfler further stated that Plaintiff's "rap sheet no longer contain[ed] a conviction of assault with intent to rape."  (*Id.* ¶ 16.)  Therefore, as a result of this correction, the Institutional Classification Committee at Avenal State Prison will re-determine whether to continue to classify Plaintiff as a sex offender by affixing an "R" suffix to his custody designation.[6]  (*Id.* ¶ 17.)

Defendants assert in their motion to stay that Plaintiff's state habeas action "remains

---

[5] The Court GRANTS Defendants' request for judicial notice of the documents submitted in support of their motion.

[6] An "R" suffix is affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in California's Penal Code § 290.  *See* Cal. Code Regs. tit. 15, § 3377.1(b).

5

1 pending." (Defs.' Mots. to Dismiss and to Stay at 5.) Defendants argue that the instant action should be stayed in deference to the pending, parallel state action.

The Court is persuaded that a stay of the instant federal action is appropriate until the pending state action is resolved. *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (1989) ("[A] federal court may stay its proceedings in deference to pending state proceedings."). The issues presented in each action are "substantially similar" if not identical: Plaintiff is alleging violations of his due process rights based on Defendants' reliance on erroneous court records to classify him as a sex offender by affixing an "R" suffix to his custody designation. Lastly, allowing this action to proceed would be highly inefficient in light of how far the state matter has progressed.

Furthermore, the Court cannot ignore the potential that res judicata or collateral estoppel may bar this action after judgment is rendered in the state court proceedings. Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see Adam Bros. Farming, Inc. v. County of Santa Barbara,* 604 F.3d 1142, 1148 (9th Cir. 2010) (same). A civil rights action under section 1983 may be dismissed as barred by res judicata, for example, if a prior California state court judgment rendered a valid judgment on the merits in favor of a defendant. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir.) (citing *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1976)), *cert. denied*, 476 U.S. 1182 (1986).

Accordingly, Defendants' motion for stay as to Plaintiff's only remaining claim -- his due process claim -- is GRANTED. The instant federal action will be stayed until final judgment in the state court is rendered.

### III. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. Plaintiff requests the Court appoint counsel based upon the complexity of the case, he has no legal education, and he has limited access to the law library. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding *in forma pauperis*. 28

U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Court may ask counsel to represent an indigent litigant under section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *Id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Because Plaintiff has adequately presented his claims and the Court has granted Defendants' motions to dismiss and to stay, there are no exceptional circumstances presented requiring appointment of counsel. Accordingly, his motion to appoint counsel (Docket No. 57) is DENIED.

## CONCLUSION

For the reasons outlined above:

1. The Court GRANTS Defendants' motion to dismiss (Docket No. 47) Plaintiff's deliberate indifference and retaliation claims against Defendants Core and Meisner as improperly joined. As explained above, the dismissal will be without prejudice to Plaintiff asserting these claims in a new action for which he pays a separate filing fee. Therefore, the claims against Defendants Core and Meisner are hereby DISMISSED and TERMINATED from this action.

2. The Court GRANTS Defendants' motion for stay (Docket No. 47) as to Plaintiff's only remaining claim -- his due process claim. Plaintiff shall inform the Court within **fourteen (14) days** of the date any judgment is rendered in the state courts or those proceedings are otherwise resolved. At that time, the stay will be lifted unless either party shows cause for extending the stay pending any state court appeal.

3.      The Court GRANTS Defendants' request for judicial notice of the documents submitted in support of their motion.

4.      The Court DENIES Plaintiff's motion for appointment of counsel (Docket No. 57).

5.      The Clerk of the Court shall administrative close this action pending this Court's Order lifting the stay.

6.      This Order terminates Docket Nos. 47 and 57.

IT IS SO ORDERED.

DATED:   March 12, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**